[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16681
Non-Argument Calendar

_____

D. C. Docket No. 03-22306-CV-WMH

EMERSON O. DAVIS,

Plaintiff-Appellant,

versus

FREDERICK C. SAKE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 28, 2006)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Emerson Davis, a federal prison inmate, appeals the decision of the district

court denying his Federal Rule of Civil Procedure 60(b) motion to vacate the court's dismissal of his complaint for lack of subject matter jurisdiction. The complaint seeks damages under 42 U.S.C. § 1983 against attorney Frederick Sake on the ground that Sake breached his contract with Davis in conducting Davis's defense in a criminal case. The complaint stated that Davis brought the same claim against Sake in state court, and that state court entered judgment dismissing the claim.

The Rooker-Feldman doctrine requires that we affirm the district court's decision. That doctrine holds that a federal district court lacks subject matter jurisdiction to either review a state court decision or to hear a claim that is "inextricably intertwined" with a state court's final decision. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983). Because the state court had rejected the breach of contract claim Davis plead in his complaint, the Rooker-Feldman doctrine barred the district court from entertaining that claim.

AFFIRMED.